UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEMARCO HAWKINS | CIVIL ACTION |
| V. | NO. 24-2701 |
| HEAD WARDEN RHONDA LEDET | SECTION "L"(2) |

### ORDER & REASONS

Before the Court is Plaintiff Demarco Hawkins's Objection to the Magistrate Judge's Report and Recommendation dismissing his case. R. Doc. 8.

Hawkins filed this lawsuit *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against Defendant Rhonda Ledet in her official capacity as Head Warden of the Terrebonne Parish Criminal Justice Complex ("TPCJC"). R. Doc. 1. He alleges that TPCJC has violated the Eighth Amendment by depriving him of his right as an inmate to the regulatory minimum of one hour of outdoor exercise per day. R. Doc. 4 at 4. As relief, Hawkins seeks summary judgment on the merits of his claims and any damages that may have resulted from this deprivation. *Id.* at 5. This matter was subsequently referred to a United States Magistrate Judge Donna Currault to submit proposed findings and recommendations for disposition. R. Doc. 5. Upon review of the record, Judge Currault recommended that Hawkins's claims against Warden Ledet be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted. R. Doc. 7. More specifically, Judge Currault held that Hawkins's complaint failed to allege a valid "conditions-of-confinement claim" under § 1983, noting "courts have consistently held that the opportunity to exercise in or simply move about an inmate's cell meets any minimum constitutional standards of decency for an inmate who is denied or has limited access to outdoor exercise." *Id.* at 6-7 (citing *Wilkerson v. Maggio*, 703 F.2d 909, 911-12 (5th Cir. 1983); *accord*

1

*Green v. Guidry*, No. 19-12052, 2019 WL 5540959, at *5 (E.D. La. Oct. 4, 2019) ("The jurisprudence reflects that even severe restrictions on or complete denials of outdoor recreation have been found to be constitutional."), *R&R adopted by* 2019 WL 5538065, at *1 (E.D. La. Oct. 25, 2019)). In addition, Judge Currault also found dismissal was warranted due to Hawkins's failure to allege the limitation of his outdoor exercise resulted in any physical injury to him or otherwise constituted improper punishment. *Id.* at 7-8.

On December 20, 2024, Hawkins timely objected to these findings. R. Doc. 8. In his objection, Hawkins submits to this Court the same arguments presented in his complaint that have already been considered for disposition by Judge Currault. *Id.* Upon conducting a *de novo* review of the objection in relation to the pleadings and the applicable law, the Court finds that the Report and Recommendation properly analyzes the appropriate statutes and caselaw in concluding that dismissal of Hawkins's complaint is warranted.

Accordingly;

**IT IS HEREBY ORDERED** that this Court adopts the Magistrate Judge's Report and Recommendation, R. Doc. 7, as its opinion herein.

**IT IS FURTHER ORDERED** that Hawkins's claims under 42 U.S.C. § 1983 against Warden Ledet are **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A, and as applicable 42 U.S.C. § 1997e.

New Orleans, Louisiana, this 13th day of February, 2025.

cc: Mr. Demarco Hawkins
374720
Terrebonne Parish Criminal Justice Complex
3211 Grand Cailliou Rd.
Houma, LA 70363

_____
United States District Judge